Judge Owsley
delivered the opinion of the court.
This was an action of assumpsit, brought by Green, for money had and received by Shackleford to his use.
Non-assumpsit was pleaded, and issue joined thereon. A verdict was found for Green; and on, the motion of Shackleford, a new trial was awarded. Exceptions were taken to the opinion of the court in granting a new trial, and the evidence spread upon the record.
At a subsequent term, a verdict was found for Shackle *252 ford, and Green’s motion for a new trial overruled, and judgment rendered against Green. From that judgment Green appealed.
Money paid as boot on a parol contract to exchange lands may be recovered by the payor.
A party so agreeing to exchange lands, will not be compelled to perfect the contract if the title to any part of the land is doubtful.
The assignment of errors questions the decision of the court, as well in granting a new trial on the motion of Shackleford, as in refusing it, when applied for by Green.
From the evidence it appears, that in December, 1817, a verbal agreement was made between Green and Shackleford, whereby they contracted to exchange tracts of land, and, by the terms of the contract, Green was to pay, in addition to the tract given by him in exchange, a large sum of money, aud actually advanced $220 in part thereof; and the parties were to meet in Richmond on the 5th of January, 1818, and execute writings in pursuance of the contract: They accordingly met on the day agreed on, but there being some defect in the title to part of Shackleford’s tract of land, whilst Shackleford insisted, Green refused to execute writings, and demanded a return of the $220 advanced by him to Shackleford; but Shackleford refused to return the money, and Green brought this action to recover it; and on the trial obtained the verdict which was set aside at the instance of Shackleford, on the ground of the verdict being against evidence. It will be perceived, that the $220, for which this action was brought, and for which Green recovered a verdict, was advanced by him under a parol contract for the sale of lands. It is plain, therefore, that under the statute against frauds and perjuries, no action could be maintained by either party upon the contract; and whether or not, if Shackleford had shewn himself able and willing to comply with his part of the contract, Green could recover the money advanced by him, need not be decided: for, be that as it may, we apprehend, that as Shackleford not only failed to shew an ability to comply with his part of the contract, but owing to a defect in title to part of the land which he was to give in exchange, could not have done so, Green was at liberty to waive the contract, and resort to his action to recover the money advanced by him, as so much money had and received by Shackleford to his use.
Upon the evidence, therefore, the jury properly found a verdict for Green, and the court ought not to have awarded a new trial.
The verdict and judgment afterwards recovered by Shackleford must, consequently, be reversed and set aside, *253 the cause remanded to the circuit court, and judgment rendered in favor of Green upon the first verdict. Green must recover his costs in this court.
Hardin for appellant, Bibb for appellee.